IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTICT OF WEST VIRGINIA

**LORALIE N. HISSAM,**
    **Plaintiff,**
**v.**                              Civil Action No. 2:13-cv-3
                                    Electronically Filed: January 7, 2013
**CITY OF BUCKHANNON, a political subdivision of**
**the State of West Virginia,**
**and MATT GREGORY, in his official capacity as**
**CHIEF OF POLICE OF BUCKHANNON POLICE DEPARTMENT,**
    **Defendants.**

## CIVIL COMPLAINT

Now, comes the Plaintiff, LORALIE N. HISSAM, by counsel, William C. Forbes, Esquire, Forbes Law Offices, PLLC, and for her complaint against the Defendants states as follows:

## PARTIES

1.  Plaintiff is currently a resident of Kanawha County, West Virginia, but at all times pertinent and relevant hereto, Plaintiff was an employee of the Defendants within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e) and West Virginia wage and hour laws.

2.  Defendant, City of Buckhannon, is an incorporated city located in Upshur County West Virginia, and said Defendant is a municipal corporation and political subdivision of the State of West Virginia, said City is charged by State law with the control and supervision of its municipal police department and the actions of its Chief of Police, Defendant, Matt Gregory Chief of Police, Buckhannon City Police Department. City of Buckhannon is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and West Virginia wage and hour laws.

3.      Defendant, Matt Gregory is and was at all times relevant hereto Chief of Police of the Buckhannon Police Department and was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and West Virginia wage and hour laws.

## JURISDICTION AND VENUE

4.      This Honorable Court has jurisdiction as this action concerns a federal question pursuant to the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq.

5.      Venue is proper in this Honorable Court as the City of Buckhannon is situate in Upshur County, West Virginia, which is situate in the Northern District of West Virginia

## COUNT ONE

6.      The Plaintiff, Loralie N. Hissam served as a police officer employed by the City of Buckhannon and the Buckhannon Police Department, Buckhannon, West Virginia from on or about August of 2008 until on or about January 9, 2011.

7.      On or about January 19, 2009, the Plaintiff Loralie N. Hissam was assigned the position of canine police officer and/or canine handler by the Defendants, and Plaintiff continued to be employed in that capacity until on or about January 9, 2011.

8.      As part of Plaintiff's duties as a canine police officer/canine handler, the Plaintiff was required by Defendants to provide for the total care of a police dog which was owned by the City of Buckhannon and/or the City of Buckhannon Police Department, and Plaintiff's total and at home care of the dog included boarding the dog at her home, training, grooming, feeding, caring for and exercising the dog on a daily basis, bathing, brushing, exercise and training of the service animal, cleaning of the dog's kennel and transport vehicle, transporting the dog to and from the veterinarian, administering drugs or medicine for any illness and/or treatment of the

dog; paying for food and medicine for the canine; demonstrations with the dog, and providing all medical care for the assigned police service canine.

9. The Plaintiff spent at least 1 to 3 hours per day performing dog-related care of the canine police service animal during the time period of January 19, 2009 until January 9, 2011, as required by her employment position with the Defendants.

10. Plaintiff was paid an hourly wage for forty (40) hours per week as a police officer for hours worked on the job. However, Plaintiff was not paid any compensation for the at home care and extra duties incident to her assignment as a canine police officer/handler from January 19, 2009 until January 9, 2011. Plaintiff resigned from her employment with the Defendants on or about January 9, 2011.

11. Therefore, Defendants have paid Plaintiff an insufficient amount of compensation for her employment duties as a canine police handler/officer, said amount of compensation being both insufficient for the time Plaintiff expended with the canine and in violation of applicable wage and hour laws of the State of West Virginia, W.Va. Code § 21-5C-1, et seq., and in violation of the Fair Labor and Standards Act, 29 U.S.C. 201, et seq.

12. The Defendants failed to reimburse the Plaintiff for substantial and direct financial expenses which she incurred in providing food, exercise equipment, and medicine and medical treatment of the police canine service animal, and Plaintiff is entitled to reimbursement for all direct financial expenses related to the care of said police canine service animal.

13. The Defendants required the Plaintiff to be responsible for the complete care of said police service animal twenty four hours a day, seven days a week, whether or not she was scheduled to be on duty or off-duty, and therefore, she worked in excess of forty hours per week by providing at-home and total care for said police service canine.

14. Plaintiff is and was entitled to payment of overtime compensation from January 19, 2009 until January 9, 2011, pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. at the rate of one and one half (1 ½) times her regular rate of compensation for her at-home and total care of the police canine service animal.

15. Plaintiff is also entitled to reasonable attorney fees, costs and expenses incurred in the prosecution of this action pursuant to 29 U.S.C. § 216(b).

16. Plaintiff is also entitled to reimbursement of the direct financial expenses she incurred for the purchase of food for the police canine, exercise equipment, and the medical expenses she incurred for medical treatment of the police canine.

17. Defendant's failure to pay Plaintiff overtime wages for the Plaintiff's at home care, shelter, feeding, and essential medical care of said assigned service animal is in violation of the overtime mandates of the United States Fair Labor and Standards Act (FLSA) and Plaintiff is entitled to overtime wages and reimbursement for said services pursuant to 29 U.S.C. 201, et seq.

18. Defendants are responsible for payment of overtime compensation and payment of the Plaintiff's reasonable attorneys fees and expenses under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

## COUNT TWO

Plaintiff reasserts and realleges each and every allegation contained in Paragraphs One (1) through Paragraph Eighteen (18) hereof, and incorporates the same herein by reference.

19. Some time after Plaintiff's employment as a police canine handler began, Plaintiff informed Defendant, Matt Gregory, Chief of Police of Buckhannon City Police Department, that she was not being fairly compensated for her extra duties and at home care of the police canine service animal, and therefore, Defendant, Matt Gregory and the City of Buckhannon knew or

should have known that Plaintiff was entitled to overtime compensation for her extra duties incident to the police canine and her at home care of the police canine service animal.

20. Despite Defendant, Matt Gregory's knowledge of said unpaid compensation, said Defendant still failed to ensure that Plaintiff was paid overtime compensation by the Defendant City of Buckhannon for her extra duties relating to the police canine service animal.

21. Since Defendant, Matt Gregory had direct knowledge that Plaintiff was not being paid overtime compensation for her care and extra duties incident to her assigned police canine service animal, and said Defendant failed to initiate measures with the City of Buckhannon to correct this violation of both State and Federal wage and labor laws, pursuant to West Virginia law, said Defendant can be held individually liable to the Plaintiff for such damages and/or in the alternative entitles Plaintiff to liquidated damages under 29 U.S.C. § 216.

22. Defendant, Matt Gregory's, knowledge that Plaintiff was not being paid overtime compensation for her care and extra duties related to her assigned police canine service animal, and his failure to initiate measures to correct this violation of State and Federal wage and labor laws entitles Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b).

23. The Defendants' aforementioned violations of the FLSA, 29 U.S.C. § 201, et seq., were done knowingly, willfully and without good faith, as alleged herein. Therefore, Plaintiff is entitled to an additional award of liquidated damages under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b) or in the alternative an award of liquidated damages pursuant to 29 U.S.C. § 260.

24. The Defendants, City of Buckhannon and Matt Gregory, Chief of Police Buckhannon City Police Department, willfully violated the Fair Labor Standards Act and the

State of West Virginia Wage Payment and Collection Act by not paying to the Plaintiff overtime incurred as a result of her time and duties spent in caring for the police canine service animal.

25. In addition, the Plaintiff is entitled to reasonable attorneys fees pursuant to W.Va. Code § 21-5C-8(c), and 29 U.S.C. § 216(b).

26. In addition, Plaintiff is entitled to pre-judgment interest on the unpaid overtime compensation pursuant to W.Va. Code § 56-6-31, and W.Va. Code § 21-5C-1, et seq.

27. The Defendants are liable to the Plaintiff for the following:

(a) Compensatory damages for overtime compensation not paid to her by the Defendants as set forth herein;

(b) Reimbursement of financial expenditures for the care of the canine;

(b) Pre-judgment interest for the unpaid overtime compensation from the date the same accrued;

(c) Reasonable attorneys fees and costs;

(d) Liquidated damages pursuant to 29 U.S.C. § 216(b) and/or under 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Loralie N. Hissam, demands that she be awarded judgment against the Defendants jointly and severally in the form of compensatory and liquidated damages as set forth herein, and further prays that she be awarded pre-judgment interest and her reasonable attorneys fees, costs and expenses in prosecuting this action, and any and all such other relief that this Honorable Court deems fair, just and appropriate.

### PLAINTIFF DEMANDS A JURY TRIAL

**Respectfully submitted,**
**LORALIE N. HISSAM, Plaintiff,**

**By Counsel:**

/s/  William C. Forbes
William C. Forbes, Esquire (WVSB ID# 1238)
Forbes Law Offices, PLLC
1118 Kanawha Boulevard, East
Charleston, WV 25301
Phone: 304-343-4050; Fax: 304-343-7450
E-mail:  wcforbes@forbeslawwv.com